FILED

2020 Sep-30  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.* | } | |
| **JACK MUSACHIA,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:18-cv-01445-RDP** |
| | } | |
| **PERNIX THERAPEUTICS, LLC, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Motion to Dismiss filed by Defendants Quickcare Pharmacy, Inc. and Supersaver Pharmacy, Inc. (Doc. # 48). The Motion is fully briefed. (Docs. # 48, 52, 53). After careful consideration, and for the reasons discussed below, the court concludes that Defendants' Motion (Doc. # 48) is due to be denied. Plaintiff's First Amended Complaint (Doc. # 41) is due to be stricken as a shotgun pleading, and he shall file a Second Amended Complaint in accordance with the court's instructions before proceeding in this action.

## I.   Background[1]

This is a *qui tam* action[2] filed by Plaintiff-Relator Jack Musachia against Defendants Pernix Therapeutics LLC ("Pernix"), Pernix Ireland (collectively with Pernix, "Pernix Defendants"),

---

[1] "A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true." *Mays v. U.S. Postal Serv.*, 928 F. Supp. 1552, 1557-58 (M.D. Ala. 1996). Thus, for the purpose of resolving the Motion to Dismiss (*see* Docs. # 48, 52, 53), the court treats the well-pleaded allegations in the First Amended Complaint (Doc. # 41) as true. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

[2] "In a *qui tam* action, [a] relator pursues the government's claim against the defendant, and asserts the injury in face suffered by the government." *United States ex rel., Farmer v. Honduras*, No. 17-00470-KD-N, 2020 WL 496509, at *5-6 (S.D. Ala. Jan. 30, 2020) (internal quotation marks and citations omitted), *appeal docketed*, *United States v. McAvoy*, No. 20-10604 (11th Cir. Feb. 18, 2020).

Quickcare Pharmacy, Inc. ("Quickcare"), and Supersaver Pharmacy, Inc. ("Supersaver," collectively with Quickcare, "Defendant Pharmacies"). (Doc. # 41 at ¶¶ 15-18).

Plaintiff is a former pharmaceutical representative for Pernix, a pharmaceutical manufacturer that produced Zohydro® (hydrocodone bitrate) ER extended-release capsules ("Zohydro") with BeadTek™ ("BeadTek"). (*Id.* at ¶¶ 1, 15). Zohydro is an opioid product that was marketed by Pernix as delivering "true 12-hour pain control from start to finish." (*Id.* at ¶ 28). BeadTek is Pernix's proprietary technology that purports to make the drug less prone to abuse. (*Id.* at ¶ 29). Pernix Ireland holds the intellectual property rights associated with Zohydro and BeadTek. (*Id.* at ¶ 16).

Quickcare is a "leading provider of specialty pharmacy services to the pain management industry." (*Id.* at ¶ 17). Quickcare rapidly fills Zohydro prescriptions from the around the United States via overnight mail. (*Id.*). "Supersaver pharmacy is an authorized distributor of Zohydro and is a direct filler of mail order prescriptions." (*Id.* at ¶ 18).

Plaintiff's complaint asserts the following causes of action against all defendants: (1) presentation of false claims, 31 U.S.C. § 3729(a)(1)(a); and (2) making or using a false record or statement to cause a claim to be paid, 31 U.S.C. § 3729(a)(1)(B). (Doc. # 41 at ¶¶ 82-87). Plaintiff asserts a third claim against only the "Pernix Defendants," alleging they retaliated against him in violation of 31 U.S.C. § 3730(h). (*Id.* at ¶¶ 88-92).

## II.   Analysis

In their Motion to Dismiss, Defendant Pharmacies argue that the complaint must be dismissed for four reasons: (1) it is an "archetypal 'shotgun' complaint that woefully fails to meet both Rule 8(a) and 9(b)'s pleading standards"; (2) Plaintiff has not adequately pleaded that Defendant Pharmacies acted knowingly; (3) extrinsic exhibits filed with the complaint disprove

Plaintiff's allegations; and (4) it fails to meet the rigorous materiality standard set out in *Universal Health Servs., Inc. v. United States*, 136 S. Ct. 1989 (2016). (Doc. # 48).

### A. Pernix Defendants[3]

The Pernix Defendants filed for Chapter 11 bankruptcy on February 18, 2019. (*See* Doc. # 17). On April 5, 2019, the Pernix Defendants filed a Suggestion of Bankruptcy in this court. (*Id.*). The court stayed this case, as required by 11 U.S.C. § 362, as to the Pernix Defendants during the pendency of the bankruptcy proceedings. (Doc. # 18). Actions taken against a debtor in violation of a stay under 11 U.S.C. § 362 are void and without effect. *See Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982) (citing *Kalb v. Feuerstein*, 308 U.S. 433 (1940)). Therefore, the claims against the Pernix Defendants,[4] are due to be dismissed without prejudice, subject to Plaintiff's right to reinstate them against the Pernix Defendants to pursue any claims that remain justiciable following the conclusion of the bankruptcy proceedings. The filing date of any reinstatement of this action against the Pernix Defendants, if allowed, will relate back to the original filing date of this action. And, if this case is reopened, Plaintiff will not be required to pay a second filing fee.

### B. Counts One and Two are Plainly Shotgun Pleadings

Defendant Pharmacies argue that the complaint must be dismissed because it is an "archetypal 'shotgun' complaint that woefully fails to meet both Rule 8(a) and 9(b)'s pleading standards." (Doc. # 48 at 6). The Eleventh Circuit has identified four types of shotgun pleadings that violate Rules 8(a)(2) and 9(b):

---

[3] Although Defendant Pharmacies do not move on behalf of the Pernix Defendants, the court rules on the First Amended Complaint's deficiencies with regards to the Pernix Defendants *sua sponte*.

[4] Count Three "is only applicable to the Pernix Defendants." (Doc. # 41 at ¶ 88). Counts One and Two are causes of action against "Defendants." (*Id.* at ¶¶ 82, 85). To the extent Plaintiff intends "Defendants" to include the Pernix Defendants, the court reiterates that Plaintiff cannot assert any claims against the Pernix Defendants during the ongoing bankruptcy. Plaintiff should take this direction into account when he files his Second Amended Complaint.

The [first and] most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The [second and] next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (internal footnotes and page numbers omitted); *see Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). Complaints, however, are not required to be "model[s] of efficiency or specificity." *Weiland*, 792 F.3d at 1325. The court finds that the complaint is a shotgun pleading of the first, second, and fourth type described in *Weiland*. *Id*. at 1321-23. Therefore, Plaintiff's First Amended Complaint is due to be stricken and ordered to be repleaded.

### 1. Shotgun Pleading of the First Type

Plaintiff's First Amended Complaint is the first type of shotgun pleading. Counts One and Two in the complaint start with the sentence "[as] more particularly set forth in the foregoing paragraphs . . . ." (Doc. # 41 at ¶¶ 82, 85). The problem with a complaint like this is that it forces the court and defendants to guess what conduct the counts are referring to because the answer is always "everything that the plaintiff has previously mentioned anywhere in the complaint." *United States ex rel. Wallace v. Exactech, Inc.*, 2020 WL 4500493, at *8 (N.D. Ala. Aug. 5, 2020) (quoting *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.5 (11th Cir. 2020)). In Plaintiff's First Amended Complaint, eighty-one (81) paragraphs precede Count One. (Doc. # 41). Count One adds

three (3) paragraphs, one of which incorporates the preceding eighty-one (81) paragraphs. (Doc. # 41). Similarly, Count Two incorporates the first eighty-four (84) paragraphs (i.e. Count One and all preceding factual allegations before it) and adds three (3) paragraphs. (*Id*.). The court notes that incorporating previous counts and large sections of a complaint into subsequent counts, by itself, is not a shotgun pleading. *Weiland*, 792 F.3d at 1324. But, incorporating large swaths of allegations *and* "rolling" counts into other counts "down the line" is a shotgun pleading. *Id*. Plaintiff's failure to precisely identify the facts relevant to each count and rolling those allegations and Count One into Count Two makes the First Amended complaint a shotgun pleading.

## 2. Shotgun Pleading of the Second Type

Plaintiff's First Amended Complaint is also the second type of shotgun pleading because it is littered with "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. at 1321-23. This type of shotgun pleading is closely related to the first type and is impermissible for the same reason: the court and defendants cannot discern what conduct applies to which cause of action. *See Id.* (discussing that the four types of shotgun pleadings "cannot be drawn too finely"). For example, while the First Amended Complaint provides roadmaps and section headings, such as "Facts Related to Defendant Pharmacies" (despite including allegations against all defendants in that section) and "Zohydro ER with BeadTek™," Counts One and Two fail to reference which facts support liability for the respective claims such that the court "must sift each count for the allegations…and, in the process, disregard the allegations that only pertain to the incorporated counts." (*See* Doc. # 41 at ¶¶ 49-51, 58). *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006); *see Exactech, Inc*., 2020 WL 4500493, at *8 ("While [factual allegations] were further broken down into subsections, these subsections did not aid in connecting the factual allegations to the different counts."); *cf. id*. at

1325 (complaint not a shotgun pleading where facts were divided into sections *and* the counts had a clear relation to the fact sections).

To explain further, Plaintiff appears to allege independent marketing and sales courses of conduct (e.g. misrepresenting unapproved abuse deterrent properties, free shipping to patients, and waiving copayments). (*See* Doc. # 41 at ¶¶ 30, 47-48, 50-51, 58, 62-63, 73-74, 82-87). And, Plaintiff's complaint contains separate causes of action: one for a false claim and another for false records or statements material to a false claim. (*Id.* at ¶¶ 82-87). So, because each count incorporates all courses of conduct, the counts contain "allegations that are irrelevant to the cause(s) of action the count ostensibly states." *Lumley v. City of Dade City, Fla.*, 327 F.3d 1186, 1192 (11th Cir. 2003); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."). Therefore, to correct this deficiency, Plaintiff must connect each discrete cause of action (that is, each count) to the *specific* allegations that support that individual cause of action. *See Wagner*, 464 F.3d at 1279 ("The central problem is that the factual particularity of the first 175 paragraphs is not connected to the otherwise generally pled claim in any meaningful way.").

The First Amended Complaint also appears to contain facts that cannot, even with a more effective complaint, be relevant to any cause of action. For example, Plaintiff's complaint contains a seven-page introduction, including an overview of the anti-kickback statute, general facts about Medicare and the healthcare industry, and links to other cases where pharmacies have litigated and settled False Claims Act claims. (Doc. # 41 at 1-7). Facts that are immaterial to the allegations against a defendant do not belong in a complaint.

6

### 3.  Shotgun Pleading of the Fourth Type

Finally, Plaintiff's First Amended Complaint is the fourth type of shotgun pleading because it fails to give defendants fair notice of which factual allegations are attributable to each defendant. While Plaintiff specifies that Count Three applies only to the Pernix Defendants, in Counts One and Two, Plaintiff ambiguously refers to "Defendants." Further, as previously discussed, in paragraphs eighty-five (85) and eighty-six (86), Plaintiff incorporates every course of conduct in the complaint against all defendants.  As a result, not only is it unclear which defendants are "included" in each count, but it is "virtually impossible" to determine which factual allegations relate to which defendants. *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (stating that multiple claims should be presented separately in adherence to Federal Rule of Civil Procedure 10(b)).

To be clear, Plaintiff may collectively allege conduct against multiple defendants. *See Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000). But, where a complaint includes multiple counts aggregating multiple courses of conduct against multiple defendants, the complaint fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1321-22; *see Cincinnati Ins. Co. v. Samsung SDI Co. Ltd*., 2018 WL 3928995, at *3 (N.D. Ala. Aug. 16, 2018); *Exactech, Inc*., 2020 WL 4500493, at *7 (explaining that a complaint is a shotgun pleading where it "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.") (internal citation omitted). This concern is even more amplified here because, as discussed earlier, any claim against the Pernix Defendants, as discussed earlier, is stayed pending the resolution of bankruptcy proceedings.

7

### C. Plaintiff Will Be Given One Final Opportunity to Correct the Pleading's Deficiencies

The Eleventh Circuit has "little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). "A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a complaint on shotgun pleading grounds.'" *Id.* at 1294; *see Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). But, a plaintiff should have at least one chance to remedy such deficiencies before a court dismisses with prejudice an action on shotgun pleading grounds. *Vibe*, 878 F.3d at 1295; *Jackson*, 898 F.3d at 1358-57. After careful review, the court concludes that the Motion to Dismiss is due to be denied without prejudice.

To be clear, the court has made no ruling on the merits of Defendant Pharmacies' other arguments.[5] (*See* Doc. # 48 at 10-17). At this stage, because Plaintiff's complaint is replete with shotgun pleadings, the court's ability to "perform its gatekeeping function" is inhibited because Plaintiff failed to adequately plead the "connection between the substantive count[s] and the factual predicates." *See Wagner*, 464 F.3d at 1279; *United States ex rel. Fite v. Aperian Lab. Sols., LLC*, 2016 WL 11164665, at *4 (N.D. Ala. Apr. 26, 2016). In other words, the court has expressed no view about whether Plaintiff has a claim upon which relief may be granted. Indeed, the court is unable to make that determination based on the allegations in the First Amended Complaint. *See Id.* If, after Plaintiff cures the deficiencies in his First Amended Complaint, Defendant Pharmacies

---

[5] Plaintiff is reminded that the 9(b) heightened pleading standard does applies in this False Claims Act case. *See U.S. ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1308 (11th Cir. 2002); *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 568 (11th Cir. 1994). And, claims for violations of the Anti-kickback Statute ("AKS") are False Claims violations that apply the same heightened pleading standards. *McNutt ex rel. U.S. v. Haleyville Med. Supplies, Inc.*, 423 F.3d 1256, 1259 (11th Cir. 2005); *Bingham v. HCA, Inc.*, 783 F. App'x 868, 873, 876 (11th Cir. 2019); *United States ex rel. Fite v. Aperian Lab. Sols., LLC*, 2016 WL 11164665, at *4 (N.D. Ala. Apr. 26, 2016) (quoting *Corselo v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)) ("When alleging FCA violations based on non-compliance with the AKS, "[u]nderlying improper practices alone are insufficient to state a claim ... absent allegations that a specific fraudulent claim was in fact submitted to the government.").

believe the Second Amended Complaint is deficient, they may raise their arguments in any future motion.

## III.    Conclusion

For the reasons explained above, the Motion to Dismiss (Doc. # 48) is **DENIED WITHOUT PREJUDICE**.[6] Additionally, to aid in the prompt and efficient determination of this matter, **on or before October 23, 2020**, Plaintiff **SHALL** serve (but not file) a draft of his Second Amended Complaint on all non-Pernix Defendants. **On or before October 30, 2020**, those parties **SHALL** meet and confer about the redrafted complaint. The parties (*i.e.*, those other than the Pernix Defendants) are expected to discuss whether the Second Amended Complaint puts Defendant Pharmacies on sufficient notice of Plaintiff's factual allegations and the basis for his legal claims. Thereafter, and taking into account those discussions, Plaintiff **SHALL** file his Second Amended Complaint **on or before November 20, 2020**. The court expects this process will reduce the number of issues raised by the Second Amended Complaint.

**DONE** and **ORDERED** this September 30, 2020.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[6] When facing shotgun pleadings, parties usually move for a more definite statement under rule 12(e), and courts usually grant leave and "order repleading for a more definite statement of the claim." *Hickman v. Hickman*, 563 Fed.Appx. 742, 744 (11th Cir. 2014). Defendant Pharmacies, however, filed this Motion under Rule 12(b)(6). Because the dismissal of this action is inappropriate at this stage, the court denies the Motion without prejudice and orders Plaintiff to replead.